```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

DARIUS ALLEN                                          PLAINTIFF

v.                      CIVIL ACTION NO. 5:23-cv-00045-DCB-BWR

JAMES BRUMFIELD, HERBERT YOUNG,
RICHARD BYNUM and VALERIE WELLS                      DEFENDANTS

### ORDER ADOPTING THE REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Magistrate Judge Bradley W. Rath's Report and Recommendation, [ECF No. 36] (the "Report"). The Report addresses a motion for summary judgment, [ECF No. 34], which was filed by defendants James Brumfield, Herbert Young, Richard Bynum, Valerie Wells (collectively, "Defendants"). Plaintiff Darius Allen ("Plaintiff") filed this lawsuit pro se under 42 U.S.C. § 1983 while he was a pretrial detainee housed at the Pike County Jail in Magnolia, Mississippi. [ECF No. 1]. The Magistrate Judge conducted an Omnibus Hearing on March 13, 2024, where Plaintiff was present, placed under oath, consented in writing to the magistrate judge's authority, and gave testimony to clarify his allegations. See Minute entry dated 3/13/24; Transcript, [ECF No. 33]; Omnibus Order, [ECF No. 28]. Prior to testifying at the Omnibus Hearing, Plaintiff had been released from custody at the Pike County Jail. [ECF No. 33] at 7. Plaintiff

1

confirmed at the hearing that he wished to continue with his lawsuit notwithstanding his release from incarceration.  Id.

In the detailed Report, which is amply supported by citations to Plaintiff's sworn testimony at the Omnibus Hearing, Magistrate Judge Rath recommends that: (i) Defendants' Motion for Summary Judgment be granted; (ii) Plaintiff's claims against Defendants be dismissed with prejudice; and (iii) this case be closed.  The Court has reviewed the Report and finds it to be well-taken.

The Court notes that Plaintiff filed no response to Defendants' Motion for Summary Judgment, and no party has filed an objection to the Report.  The time to file objections to the Report has expired.  Where no party objects to the magistrate judge's report and recommendation and the report contains a warning about the consequences of failing to object (as this Report does), the Court is not required to perform a de novo review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017) ("… a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); see also United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989) (the clearly erroneous, abuse of discretion

and contrary to law standard of review is appropriate only where there has been no objection to the magistrate's ruling). Finding no clear error in the Report and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Rath's recommendation.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 36] is **ADOPTED** as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Defendant's Motion [34] for Summary Judgment is **GRANTED**;

IT IS FURTHER ORDERED that all Plaintiff's claims against Defendants are **DISMISSED** with prejudice, and this case is closed.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this 18th day of February 2025.

                                   /s/   David Bramlette
                              UNITED STATES DISTRICT JUDGE